The court
took lime to consider of their opinion, until May, 1805, when Brevard was the only judge present who had heard the arguments in the case ; but the parties agreeing that the opinion of Trezevant, J. Who was absent sick, and had sent his opinion-in writing, should he read, the same was read.
Brevard, 3.
delivered his opinion as follows, after slating lha case : It seems to be admitted on both sides, that the words " in case of the death of either of them.” and “in case of the death of both,” must be construed to relate to some ora, or definite period of time, orto some event, or circumstance, other than the death of the lega, tees, and not to a dying generally ; or that they must be rejected altogether as uncertain and void It was contended on 'behalf of the plaintiff, that the words “ without issue” ought to be supplied, to *419 give effect to the intention of the testator, and a consistent meaning to the words in question ; and that upon she death of the wife and daughter, both without issue, the property vested in the plain. tiff, by virtue of the devi.v- over to the testator's! brothers. The verdict does not state how the plaintiff becomes; infilled under the devise over; but his right to cb .m upon that ground seems to be admitted. It was also contended for the plaintiff, that although the words “ to be equally divided,” «fee. make a tenancy in common, yet the subsequent words, -‘ he survivor shall enjoy the whole,” shew that ttie testator did not intend a tenancy in common, except during ihe joint lives of the legatees, hut that upon the death of either, the survivor should take the whole : and therefore, upon the death of the wite without issue, the daughter became in titled to the benefit of the whole bequest and to enjoy the same duriug her life, and to be hers absolutely forever, provided she had issue; but she having died without issue, the property bequeathed to her then in» stantlv vested in the plaintiff.
On the contrary, it was argued for the defendant, that the words “ in case of the death,’’ &e. must be construed to confine such case of death to the life time of the testator, and to fix the era of survivi >g to his death : and therefore, as the legatees both survived the testator, the devise over could not take effect.
The governing rule for the co struciion of wills, is, that the intention of the testator shall prev-iil, if it cae he ascertained, and if it be not incompatible wi-.b the roles of law. But if the intention be unknown, tr certain, or merely c > j.-eutral, then the legal intent shall prevail. It is certai ly ve.v import tut, a -d .very useful, to explain the law on such principles as may afford rules to guide us in the construction of «titer cases of a similar i ato re. By such means our proceedings require uniformity, certainty, and stability, and security is given to civil rights. In the present case, the intention of the testator is uncertain. It is by no means clear, what was intended by the words, ** in case of the death of either,” or “ in case of the death of both ;” or whether the testator meant to give the property in joint-tenancy, or in common. It becomes tieeessary, therefore, to resort to legal reasoning, and to the rules furnished by analogous cases, to enable us to expound these words with legal propriety and effect.
The expressions “equally to be divided,” and “share and share alike,” and also the direction in what manner to make a division of the property' bequeathed, all clearly imp wt ateraucy in common. Prec. Ch. 164. 2 Eq. Ca. Abr. 535 1 Salk. 326. 1 P. Wms. 96. 1 Vern. 33. 2 Vern. 323. I Ves. 165.
*420 The subsequent words of the bequest, which give the whole to the survivor, indicate a joint tenancy; but the words which imme» diately follow,, viz. “ to them, and their heirs, forever,” are repugnant and contradictory. In the exposition of last wills, it is a principle that every word shall have its effect, and not be rejected, if any construction can possibly be put upon it.
In the case of Barker v. Giles, 2 P. Wms. 280, where the do-vise was to two, and the survivors, and survivor of them, and their heirs, and assigns, forever, equally to be divided between them, share and share alike; and the difficulty was to reconcile and give effect to the words of survivorship, and the words importing a tenancy in Common, without rejecting any of them, the Lord Chancellor construed the words to mean a joint-tenancy for life, with several inheritances in common, by which every word had effect.
If the same construction would apply in the present case, it ought to take place ; but the cases are dissimilar. In the present case it seems clear, that the testator intended a division between his wife and daughter, and not between their heirs ; for the executors are directed to chose fit persons to make partition : and in case of the death of either the wife or daughter, the testator’s desire is, “ that the survivor shall enjoy the whole. ”
In the case of Stones v. Heurtly, 1 Ves. 165, the devise was to three, “ to be equally divided amongst them, and the survivors of them, and their heirs.” The words “and their heirs,” were held to explain what was intended by the word “survivor,” namely, an equal division between the heirs of him, or them, that should die first, and the surviving devisees or devisee ; according to the construction which was adopted in the case of Blisset v. Cranfield. 1 Salk. 226. 1 Ld. Raym. 624.
The words “ without issue,” cannot be superadded after the words “ in case of the death of either, or both,” for there is no certainty that this was the intent of the testator : and the court are not authorized to supply words in order to satisfy a conjectural intent. There are no authorities in point to justify this construction: and moreover, I think it rather more probable, that the testator did not think of providing by his will fo,r a contingency which might never happen, and which in fact did not happen, or which might have happened in his life time, namely, the death of his daughter leaving issue, than that he should have intended the effect which these superadditional words would produce ; for they must have the effect of providing for the issue of the wife by a subsequent marriage.
*421 The case of Spalding v. Spalding, Cro. Car. 185, is not like the present. There the devise was “to J. and the heirs of his body in tee, after the death of A., and if he should die living, A. then over.” The estate being expressly given to J. and the heirs of his body, after the death of A., the words.“ without issue” must be implied, in order to give a consistent meaning to the subsequent words, “and if he should die living, A.” &c.
In the case of Nowlan v. Nelligan, 1 Bro. C. C. 489, there were no words of survivorship. The devise was “ to H. N , and in case of her death, over.” The Lord Chancellor supposed the testator meant the death of H. N., when ever it should happen, according to the literal import of the words. This construction involved no contradiction, or repugnancy, to the testator’s intent.
The cases most in point to the present, confine the words relative to dying and surviving, to two different eras, or particular periods of time : first, to the time when the legacy becomes payable ; secondly, to the life time, or death of the testator.
Trotter v. Williams, and Haws v. Haws, are two cases of the first mentioned description. In Trotter v. Williams, Prec. Ch. 28, 8 Vin. Abr. 328. the bequest was of a certain sum to A., and of a certain other sum to B., “ and if either of them die, then his legacy to the survivor.” Here the dying was construed to refer to the time when the legacies became payable.
So in the case of Haws v. Haws. 1 Ves. 14. 3 Atk. 524. There the legacy was of a customary part, by which it,- evidently appeared that the testator did not mean a survivorship of himself: therefore Lord Hardwicke referred the dying to the time, when the legacy was to be paid ; when the legatee sh 'uld attain the age of twenty one years, or mam. go. It was held clearly, that the words of survivorship must be applied to. some particular time, and not to a dying indefinitely.
In the case of Haws v. Haws, Lord Hardwicke. is made to say, “ that dying in the testator’s life is not a iiatur.,1 way of explaining the testator’s intent, as one seldom provides by will for contingencies that are to happen in his life.” There is nevertheless a stream of cases, in the decision of which this rule of construction has been applied: and Lord Hardwicke himself acknowledges, that if no other reasonable construction can be found, the court will resort to this.
Upon the present occasion, whether the rule be a natural or an artificial one, there seems to be a necessity for having recourse to jt for the purpose of expounding the devise in question ; for there *422 does not appear to me any other morfe natural or reasonable way of explaining the testator’s intent.
In the case of Bindon v. Suffolk, 1 P. Wms. 96, where the de. vise was to five grandchildren, share and share alike, equally to he divided between them, and if any of them died, then his share to go to the survivors and survivor of them, Lord Cowper held and decreed, that the grandchildren were tenants in common, and not joint-tenants ; and that the subsequent words of survivorship have relation to the death of the testator, in order to prevent a lapse of the legacy of any of the grandchildren who might die in the life time of the testator. By this construction every word had effect.
It seems that this decree was afterwards reversed, on appeal to the Lords, but upon what ground, does not appear. In a subse. quentcase, however, namely, that of Stringer v. Philips, 1 Eq. Ca. Abr. 292, 199, 3 Bac. Abr. 195, the same rule or principle ot construction was adhered to. There the bequest was to five persons, of £100 each, equally to be divided between them, and the survivors and survivor of them ; and if A'., one ot the five, die before mar. riage, her share to go over. It was held they took as tenants ia common ; and that the words survivors and survivor, being contra, dictory, must either be rejected, or construed to relate to the testa, tor’s death.
In the case of Rose v. Hill, 3 Bur. 1881, the same words “ survivors and survivor,” were made to refer to the death of the testator, to avoid a lapse, and not to constitute a joiut-leuancy.
In Roebuck v. Dean, 4 Bro. C. C. 403, 2 Ves. Jun. 265, the bequest Was to E. R. during life, and after her decease to .be equally divi. ded between her brother and four sisters, and in like manner to the survivors, or survivor of them It was held, that all those, who survived the testatrix, took as tenants in common.
In Brograve v. Winder 2 Ves. Jun. 634, the devise W:as of money to be raised by sale, and to be equally distributed .among three sons and a daughter of A. W., or the survivots, or survivor of them; and that such fourth or other part of such money as the daughter should he iutitled to, should be settled upon her prior to any marriage contract, for her life, .and after her death, on her issue, &c„ The Lord Chancellor thought the words of survivorship were in. serted to prevent -a lapse ; for otherwise, if any of :the persons had died in the testator’s life, it would have been a lapsed devise for the benefit of the heir. The Lord Chancellor is made to remark in this case, thatP. Wms. report of Bindon v. Suffolk is not accurate; and that the words .related,to the time when the debt should.be paid* which governed the determination of the House of Lords.
*423 In Perry v. Woods, 3 Ves. 204, the bequest was to A. for life, and after her decease to her children ; and if she should leave none, to B. aud C., share, and share alike, or to the survivor. The Master of the Rolls decreed in conformity to- the case of Stringer v. Philips, which he considered a governing case. In this ease, A. died without children : and B. and C. had a vested interest upon the death of the testator, who died living A., as tenants in common. The words share and share alike, create a tenancy in common, unless controlled by circumstances clearly denoting that they are not used m that sense.
In Maberly v. Strode, 3 Ves. 450, words of survivorship added to a tenancy in common in a will, were applied to the death of the testator, there being no apparent intention to postpone the vesting to (he death of another. The Mastei of the Rolls observed, that the construction that the benefit of survivorship was to prevent a lapse, and to vest an interest at the death of the testator, is much the most beneficial construction. See 4 Ves. 551. •
To conclude, I ana clearly of opinion, that the words “ without issue” cannot be supplied by construction in the present case, and that judgment ought to be given for the defendant.
Trezevant, J.
was of the same opinion.
Present, Grihke, Trezevant, aud Brevard, Justices.